**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    *Plaintiff,*

Case No. 25-20028

Hon. Susan K. DeClercq
Hon. Anthony P. Patti, USMJ

*v.*

DELANO DEJUAN MARTIN,

    *Defendant.*

_____/

**ORDER FOR EXAMINATION TO DETERMINE**
**MENTAL COMPETENCY OF DEFENDANT, REQURING TRANSPORT**
**BY THE U.S. MARSHALS SERVICE (USMS), AND APPOINTING THE**
**FEDERAL COMMUNITY DEFENDER AS COUNSEL**

    This Defendant appeared before the Court on January 17, 2025, for an initial appearance before the Honorable Elizabeth A. Stafford. At that time, Defendant refused appointment of counsel and insisted upon representing himself; however, Judge Stafford appointed the Federal Community Defender's Office as standby counsel. (ECF No. 5.) An extensive record was made at that time, in which Defendant claimed, *inter alia*, to be appearing "on behalf" of the defendant and as an "agent" of the defendant, referred to himself in the third person, explained that he has a "conflict with the rules of law," that he has studied "exclusive equity jurisdiction law" and denied the Court's jurisdiction over him. (ECF No. 3.)

On January 23, 2025, Defendant appeared before me for a detention hearing, at which time he again wished to proceed *in pro per*. When the Court attempted to voir dire him regarding his ability to represent himself, he: (1) refused to recognize that he was the person named in the charging document (although the USMS confirmed on the record, based on fingerprints, that he was); (2) spoke as though he were an outside representative or "beneficiary" of the defendant, but could or would not recognize himself as a legal person, an individual or the person charged; and, *inter alia*, (3) could or would not appreciate that he himself was at risk of incarceration based on the criminal proceedings in play. The Court accordingly has "reasonable cause to believe that Defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[,]" *see* 18 U.S.C. §§ 4241(a)(b), 4247(c), <u>as explained further on the record and incorporated by this reference as though fully restated herein</u>. Accordingly, on its own motion, the Court **DIRECTS** that inquiry should be made into the mental condition of the Defendant pursuant to 18 U.S.C. § 4241 and 4242.

Accordingly, pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ordered:

(1) that a psychiatrist or psychologist employed by the United States be

appointed, authorized, and directed to examine the mental condition of Defendant, *see id.* §§ 4241(a) and (b), 4247(b);

(2) that Defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination at a suitable facility for a period not to exceed 30 days, as close to the courthouse/this District as can be accomplished. The director of the facility where Defendant is located may apply for a reasonable extension not to exceed 15 days, *see id.* § 4247(b);

(3) **that the U.S. Marshals Service transport Defendant to and from the facility**;

(4) that the examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5) that the examiner promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c). The report may be used by any party for any purpose, including a competency hearing, detention hearing, trial or sentencing;

(6) the examining psychiatrist or psychologist produce to defense counsel and the Assistant U.S. Attorney copies of all records and documents that were reviewed, created or relied upon in forming the basis of the opinion regarding the defendant's mental condition; and

(7) that the period beginning with the government's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which is set for **March 12, 2025 at 10:00 a.m. before Judge DeClercq**, be deemed excludable delay under the Speedy Trial Act pursuant

to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

**After the BOP designates the facility for Defendant's evaluation**, **IT IS FURTHER ORDERED** that the United States Marshal forthwith, i.e., **within ten (10) days,[1] transport the Defendant for said examination** and return him after said examination is completed.

It is **FURTHER ORDERED**, in compliance with *United States v. Ross*, 703 F.3d 856, 871-872 (6th Cir. 2011), that the Federal Community Defender's Office is **APPOINTED** to represent Defendant for purposes of his competency exam and until such time as Defendant may be found competent to stand trial and the Court is satisfied that he is able to represent himself, if he then still so wishes.

Date: January 27, 2025

Anthony P. Patti
United States Magistrate Judge

---

[1] 18 U.S.C. § 3161(h)(1)(F).